UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

Appeal Nos. 22-3038, 22-3039, & 22-3041

_____

Appeal No. 22-3038

UNITED STATES OF AMERICA

Plaintiff-Appellant

v.

JOSEPH FISCHER

Defendant-Appellee

_____

Appeal No. 22-3039

UNITED STATES OF AMERICA

Plaintiff-Appellant

v.

EDWARD LANG

Defendant-Appellee

_____

Appeal No. 22-3041

UNITED STATES OF AMERICA

Plaintiff-Appellant

v.

GARRET MILLER

Defendant-Appellee

## GOVERNMENT'S MOTION FOR AN ORDER OF CONSOLIDATION

The government respectfully moves this Court to enter an order consolidating the above-captioned appeals for purposes of the government's opening and reply briefs and for oral argument. As set forth more fully below, the government appeals in *United States v. Fischer* (No. 22-3038), *United States v. Lang* (No. 22-3039), and *United States v. Miller* (No. 22-3041) involve the same issue and same underlying order, and all three cases arise out of the attack of the United States Capitol on January 6, 2021. Accordingly, consolidation is appropriate.

2

In support of this motion, the government states the following:

1.    In September 2021, a grand jury returned a superseding indictment against defendant Edward Lang charging violations of 18 U.S.C. § 1512(c)(2) and other offenses. *See United States v. Lang*, 21-cr-53 (D.D.C). In November 2021, a grand jury returned superseding indictments in separate cases against defendant Joseph Fischer and defendant Garret Miller charging violations of 18 U.S.C. § 1512(c)(2) and other offenses. *See United States v. Fischer*, 21-cr-234 (D.D.C); *United States v. Miller*, 21-cr-119 (D.D.C.). In all three cases, the indictments alleged, *inter alia*, that the defendants violated Section 1512(c)(2) by corruptly obstructing, influencing, or impeding a proceeding before the Congress, namely, the Certification of the Electoral College vote on January 6, 2021. All three cases are before the Honorable Carl J. Nichols.

2.    As relevant here, all three defendants filed motions to dismiss the counts charging a violation of Section 1512(c)(2). On March 7, 2022, the district court issued a 29-page memorandum opinion granting the motion to dismiss the Section 1512(c)(2) count in *Miller*. 21-cr-119, ECF No. 72. On March 15, 2022, the district court granted the motion to

3

dismiss the Section 1512(c)(2) in *Fischer*, relying in its two-page discussion of Section 1512(c)(2) on its memorandum opinion in *Miller*. *See* 21-cr-234, ECF No. 64 at 7-8.

3. The government moved for reconsideration in *Miller* and *Fischer*. On May 27, 2022, the district court issued a memorandum opinion denying the government's reconsideration motion in *Miller*. 21-cr-119, ECF No. 86. Three days later, the district court denied the government's reconsideration motion in *Fischer* in a minute order noting that the motion was denied "for the reasons discussed in" the district court's memorandum opinion denying reconsideration in *Miller*. 21-cr-234, Minute Order (May 30, 2022).

4. On June 7, 2022, the district court issued a minute order granting the defendant's motion to dismiss the Section 1512(c)(2) count in *Lang*. 21-cr-53, Minute Order (June 7, 2022). That minute order indicated that the dismissal motion was granted "for the reasons discussed" in the district court's memorandum opinions in *Miller*. *Id.*

5. The government appeals in *Miller*, *Fischer*, and *Lang* arise out of orders dismissing counts charging violations of Section 1512(c)(2)

4

in cases stemming from the attack on the Capitol on January 6, 2021. All three cases rely on the same district court judge's reasoning as set forth in its memorandum opinions in *Miller*. Consolidation of the opening brief and reply briefs* in these appeals before a single panel of this Court will conserve judicial and government resources and simplify the resolution of these cases. As a result, considerations of equity and judicial economy support consolidation of the three appeals for purposes of oral argument and the government's opening and reply briefs. *See* Fed. R. App. P. 3(b)(2); *Chem One, Ltd. v. M/V RICKMERS GENOA*, 660 F.3d 626, 642 (2d Cir. 2011) (stating that the court considers "equity and judicial economy" when assessing appropriateness of consolidating appeals (quoting *Devlin v. Trans. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999)).

6. The government contacted opposing counsel. Counsel for Miller takes no position on the government's motion and defers to this

---

* In seeking consolidation of these appeals, the government requests this Court's leave to file a single consolidated opening brief and a single consolidated reply brief. This motion does not request that Lang, Fischer, and Miller be ordered to file a consolidated answering brief. Moreover, as noted below, counsel for Fischer requests that he be permitted to file a brief only on behalf of Fischer.

5

Court. Counsel for Lang similarly takes no position on the government's motion. Counsel for Fischer does not oppose the government's motion but requests that the Court permit each defendant to file separate briefs in the consolidated appeal.

For these reasons, the government respectfully requests that the Court grant this motion and consolidate the above-captioned appeals.

Respectfully submitted,

| | |
|---|---|
| MATTHEW M. GRAVES<br>United States Attorney<br>District of Columbia | KENNETH A. POLITE, JR.<br>Assistant Attorney General<br><br>LISA H. MILLER<br>Deputy Assistant Attorney General<br><br>/s/ James I. Pearce<br>Attorney, Appellate Section<br>Criminal Division<br>U.S. Department of Justice<br>950 Pennsylvania Ave., N.W., Suite 1243<br>Washington, DC 20530<br>(202) 532-4991<br>James.pearce@usdoj.gov |

## Certificate of Service

    I hereby certify that on July 21, 2022, I electronically filed the foregoing notice with the Clerk of Court using the CM/ECF system, which will send notification of such filing, to the counsel for the appellees.

<u>/s/ James I. Pearce</u>
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave.,
N.W., Suite 1243
Washington, DC 20530
(202) 532-4991
james.pearce@usdoj.gov

## Certificate of Compliance

1. This motion complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 733 words.

2. This motion complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) & (a)(6) because it has been prepared in a proportionally spaced, 14-point font in text and footnotes using Microsoft Word for Office 365.

3. This motion complies with the privacy redaction requirement of Fed. R. App. P 25(a) because it contains no personal data identifiers.

4. This motion has been scanned for viruses with the most recent version of McAfee Endpoint Security, which is continuously updated, and, according to that program, is free of viruses.

/s/ James I. Pearce
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave.,
N.W., Suite 1243
Washington, DC 20530
(202) 532-4991
james.pearce@usdoj.gov