```
               IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA
- - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA          CR Nos. 1:21-cr-00175-TJK-1
                                          1:21-cr-00175-TJK-2
v.                                        1:21-cr-00175-TJK-3
                                          1:21-cr-00175-TJK-5
1-ETHAN NORDEAN                           1:21-cr-00175-TJK-6
2-JOSEPH R. BIGGS
3-ZACHARY REHL                    Washington, D.C.
5-ENRIQUE TARRIO                  Thursday, April 20, 2023
6-DOMINIC J. PEZZOLA,             9:15 a.m.
                    Defendants.
- - - - - - - - - - - - - - - - x
```

### TRANSCRIPT OF JURY TRIAL - DAY 68
### *** MORNING SESSION ***
### HELD BEFORE THE HONORABLE TIMOTHY J. KELLY
### UNITED STATES DISTRICT JUDGE

**APPEARANCES:**

For the United States:   Jason B.A. McCullough, Esq.
                         Erik M. Kenerson, Esq.
                         Nadia Moore, Esq.
                         Conor Mulroe, Esq.
                         U.S. ATTORNEY'S OFFICE
                         555 4th Street, NW
                         Washington, DC 20530
                         (202) 252-7233

For the Defendants:      Nicholas D. Smith, Esq.
                         DAVID B. SMITH, PLLC
                         7 East 20th Street
                         Suite 4r
                         New York, NY 10003
                         (917) 902-3869

                         Norman A. Pattis, Esq.
                         PATTIS & SMITH, LLC
                         383 Orange Street
                         1st Floor
                         New Haven, CT 06511
                         (203) 393-3017

                         John D. Hull, IV, Esq.
                         HULL MCGUIRE PC
                         1420 N Street, NW
                         Washington, DC 20005
                         (202) 429-6520

EXHIBIT A-1

| | |
|---|---|
| 1 | Ms. Hernandez ticked -- sent around on email was ==just the== |
| 2 | ==issue of Fischer and the impact of Fischer on the jury== |
| 3 | ==instructions==. So I'm going to lay out an oral ruling on |
| 4 | that right now, and then there's another matter that, I |
| 5 | think, we do need to take up before the -- we begin with the |
| 6 | jury, and then I think most of the other things we can pick |
| 7 | up on the other side of where we are on all of that. |
| 8 | So as far as Fischer goes, before me are two |
| 9 | motions relating to the D.C. Circuit's recent -- and |
| 10 | fractured -- decision in United States v. Fischer which is |
| 11 | 2023 WL 2817988. It's a D.C. Circuit opinion from April |
| 12 | 7th, 2023. |
| 13 | MS. HERNANDEZ: It seems like yesterday, Your |
| 14 | Honor, that it was -- |
| 15 | THE COURT: In that case, the Circuit reversed the |
| 16 | District Court's dismissal of 18 United States Code |
| 17 | 1512(c)(2) counts in three January 6th cases. The District |
| 18 | Court had concluded that the statute's actus reus, quote, |
| 19 | "requires that the defendant have taken some action with |
| 20 | respect to a document, record, or other object in order to |
| 21 | corruptly obstruct, impede, or influence an official |
| 22 | proceeding." That was United States v. Miller, 589 F. Supp. |
| 23 | 3d 60 at 78, a D.D.C. case from 2022, Judge Nichols. |
| 24 | A majority of the panel, Judges Pan and Walker, |
| 25 | disagreed with the District Court and reversed its judgment. |

```
 1   But those two judges parted ways on what to do with the
 2   element of 1512(c)(2) requiring that a defendant acted
 3   corruptly.  Judge Pan concluded that a -- that ruling on a
 4   precise definition for "corruptly" was unnecessary and
 5   unwise, because the District Court did not reach the issue
 6   because it wasn't, in her view, thoroughly briefed and the
 7   court could otherwise find that the indictment adequately
 8   stated an offense.  Judge Walker, on the other hand,
 9   resolved that a defendant's act is only corrupt under
10   Section 1512(c)(2) if the defendant takes the action --
11   takes an action, quote, "with an intent to procure an
12   unlawful benefit either for himself or some other person."
13   This reading, he contended, quote, "resolves otherwise
14   compelling structural arguments for affirming the District
15   Court as well as the defendant's vagueness concerns," closed
16   quote.  Judge Katsas, on the other hand, dissented from the
17   majority outright, instead endorsing an, quote,
18   "evidence-focused interpretation," closed quote, of
19   1512(c)(2)'s actus reus that -- it was a more
20   evidence-focused interpretation, although it wasn't
21   precisely -- it was slight- -- it was more broad than what
22   the District Court had endorsed.
23              Defendant Nordean, joined by Defendant Tarrio,
24   asks me to instruct the jury on the definition of
25   "corruptly" in 18 United States Code Section 1512(c)(2) in
```

**EXHIBIT A-3**

1   the way endorsed by Judge Walker in his concurring opinion,
2   or else dismiss both 1512 counts in the indictment. And
3   Defendant Rehl, joined by Defendants Biggs and Tarrio,
4   separately move to dismiss Counts 2 and 3.
5           To start, Nordean argues that Judge Walker's
6   opinion is binding on me under Marks v. United States, 430
7   United States Code -- U.S. 188, a Supreme Court case from
8   1997, a position does -- Judge Walker also says, quote,
9   "may" be correct. The Marks rule provides that, quote,
10  "when the Supreme Court issues fragmented opinions, the
11  opinion of the Justices concurring in the judgment on the
12  narrowest grounds should be regarded as the Court's
13  holding," closed quote. That's King v. Palmer, 950 F.2d 771
14  at 780, a D.C. Circuit case from 1991 that is quoting Marks
15  at 193. So Nordean argues I must instruct the jury in this
16  case using Judge Walker's definition of "corruptly." And so
17  I've already indicated as we discussed the jury instructions
18  in the case, I disagree with that.
19          To start, authority for applying the Marks rule to
20  Circuit opinions, as opposed to Supreme Court opinions, is
21  scarce. It does not appear the D.C. Circuit has ever done
22  so, and Judge Walker himself questioned whether a future
23  panel would apply it here. Instead [sic], he, quote,
24  "expressed no opinion about whether it should," closed
25  quote, noting that the rule, quote, "has generated

**EXHIBIT A-4**

```
 1    considerable confusion."
 2            But even assuming the Marks rule should apply
 3    here, I'm not convinced that Judge Walker's concurrence is,
 4    quote, "the opinion," quote, "concurring in the judgment on
 5    the narrowest grounds," closed quote.  As the Circuit has
 6    explained, quote, "one opinion can be meaningfully regarded
 7    as narrower than another," closed quote, open quote, "only
 8    when one opinion is a logical subset of other, broader
 9    opinions."  That's the King case I mentioned before at 781.
10    Put another way, quote, "The narrowest opinion must
11    represent a common denominator of the court's reasoning,"
12    closed quote; meaning, it, open quote, "must embody a
13    position implicitly approved by at least a majority of the
14    judges who support the judgment," closed quote.
15            The posture of this case is critical to applying
16    the D.C. Circuit's "logical subset" test for Marks.  Here,
17    the Fischer court reviewed only a motion to dismiss under
18    Rule 12 for failure to state an offense.  So to hold, as the
19    court did, that the defendants' indictments stated an
20    offense under Section 1512(c)(2), it needed to conclude only
21    that the statute applied to defendants' alleged conduct and
22    that the indictments state essential facts constituting the
23    offense charged.  That's from Judge Pan's lead opinion,
24    citing Hamling v. United States, 418 U.S. 87 at 117, a
25    Supreme Court case from 1975, and Federal Rule of Criminal
```

**EXHIBIT A-5**

1  Procedure 7(c)(1).
2       Judge Pan did just that in her lead opinion.
3  After concluding that the District Court erred in
4  constraining the actus reus of 1512(c)(2) to obstructive
5  acts taken, quote, "with respect to a document, record, or
6  other object," closed quote, she examined several prevailing
7  definitions of "corruptly."  She included [sic] that under
8  each of the formulations, "corrupt intent exists at least
9  when an obstructive action is independently lawful [sic],"
10 closed quote.  She also noted that even if Section
11 1512(c)(2) requires an [sic], quote, "additional element,"
12 closed quote, that a defendant intends to confer an unlawful
13 benefit on himself or a third party, the defendants'
14 "alleged intentions of helping their preferred candidate" --
15 in that case -- "overturn the election results would
16 suffice," closed quote.  So she said, the sufficiency of the
17 indictments in this case does not turn on the precise
18 definition of "corruptly."
19      So for that reason, Judge Pan's ruling on
20 "corruptly" was decidedly narrow: an indictment adequately
21 alleges that a defendant's obstructive conduct was corrupt
22 at least when it states that a defendant committed unlawful
23 acts with the intent to confer a benefit on another person.
24 Beyond that, the opinion takes no position on the reach of
25 "corruptly," ultimately, including on whether either or both

**EXHIBIT A-6**

1  of those conditions is necessary or sufficient.

2  Judge Walker's opinion sweeps much broader,
3  conclusively deciding that to act corruptly is, quote, "to
4  act with an intent to procure an unlawful benefit either for
5  himself or for some other person," closed quote, apparently
6  with [sic] regard to whether the defendant used
7  independently lawful or unlawful means.  That's his
8  concurrence at Page 17.  His opinion, thus, reaches beyond
9  the defendants charged in Fischer, its companion cases, and
10 those similarly situated to any defendant charged with
11 1512(c)(2) in any context.

12 Now, as the D.C. Circuit applies the Marks rule at
13 least to Supreme Court opinions, Judge Pan's decision is the
14 logical subset of Judge Walker's, not the other way around,
15 in my view.  For a ruling to prevail under Marks, it most --
16 it "must embody a position implicitly improved [sic] by the
17 majority of judges who support the judgment."  That's King,
18 again, at 781.  The only gloss on the meaning of "corruptly"
19 on which Judge Pan -- Judges Pan and Walker agree and is
20 necessary to support the judgment is that the Fischer
21 defendants' actions, as alleged in that indictment, would be
22 corrupt.  But beyond that, Judge Pan's silence on what else
23 may or may not be enough to satisfy Section 1512(c)(2)'s
24 requirement that a defendant act corruptly is not, quote,
25 "implicit approval," closed quote, of Judge Walker's views

**EXHIBIT A-7**

on the matter.

Judge Walker's contrary view, and Mr. Nordean's reliance on the same, doesn't persuade me otherwise. Judge Walker says, for -- I mean, I'm sorry, Mr. Nordean says, for example, that he reads (c)(2) to cover only some of the conceivable defendants the lead opinion might allow a court to convict. But the lead opinion -- at least with respect to the "corruptly" element -- does not allow a court to convict any defendant beyond those charged in the Fischer cases or those charged with sufficiently analogous conduct. Rather, it takes no position on what a court might do in circumstances beyond those charged. Consider further Judge Walker's observation that, quote, "if a defendant is guilty under his approach, he will be guilty under the lead opinion's, but some of the defendants guilty under the lead opinion's approach will not be guilty under his approach." As I read it, the lead opinion does not really articulate an approach and it takes no position on the viability of 1512(c)(2) charges against defendants beyond those charged in that case. Judge Walker's opinion, though, does.

So to summarize, I agree with Judge Walker and Nordean that Judge Pan's lead opinion must take some position on the meaning of the word "corruptly" because, under the circumstances, I agree that without taking a position, the lead opinion would not conclude, as it does,

**EXHIBIT A-8**

1   that the indictments should be upheld.  But I part ways with
2   what that position is.  In this Circuit, and consistent with
3   Judge Pan's lead opinion, a defendant acts corruptly at
4   least where he commits an unlawful act with the intent to
5   unlawfully benefit himself or another person.  But whether
6   either or both of those conditions are necessary remains an
7   open question in this Circuit.  Therefore, I'll deny
8   Mr. Nordean's motion to the extent it argues I'm bound to
9   instruct the jury on 1512(c)(2)'s "corruptly" element
10  consistent with Judge Walker's concurrence.
11          So I'll now turn to Mr. Rehl's motion to dismiss
12  and Mr. Nordean's alternative argument for dismissal, both
13  of which I will also deny.  Nordean and Rehl would have me
14  find that Judge Katsas's dissent controls.  They argue that
15  Judge Walker set a condition precedent to his concurrence
16  whereby he would only join Judge -- lead -- Judge Pan's lead
17  opinion if she agreed with his definition of "corruptly."
18  But Judge Pan did not agree with that definition, and so
19  defendants contend that Judge Walker, in fact, dissented,
20  creating a new majority and requiring me to dismiss Counts 2
21  and 3 in this case.
22          But judicial opinions are not contracts, and
23  judgments are not open to interpretation depending on how a
24  lower court -- at least judgments -- judgments and who
25  joined the judgment and who did not, that question is not

EXHIBIT A-9