ARGUED ON DECEMBER 12, 2022

Nos. 22-3038, 22-3039 & 22-3041

---

# In the United States Court of Appeals for the District of Columbia Circuit

————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellant*

v.

JOSEPH FISCHER, EDWARD LANG, AND GARRET MILLER,

*Defendants-Appellees*

————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
D. CT. NOS. 1:21-CR-53, 1:21-CR-119, 1:21-CR-234 (NICHOLS, J.)

————————

RESPONSE FOR THE UNITED STATES
IN OPPOSITION TO PANEL REHEARING

————————

MATTHEW M. GRAVES
   United States Attorney
   District of Columbia

DENISE CHEUNG
CHRISELLEN R. KOLB
   Assistant U.S. Attorneys

KENNETH A. POLITE
   Assistant Attorney General

LISA H. MILLER
   Deputy Assistant Attorney
   General

JAMES I. PEARCE
   Special Assistant U.S. Attorney
   601 D Street, NW
   Washington, DC 20530
   (202) 532-4991
   James.Pearce@usdoj.gov

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ii

GLOSSARY OF ABBREVIATIONS ...................................................... iv

INTRODUCTION.................................................................................. 1

BACKGROUND ................................................................................... 2

ARGUMENT ........................................................................................ 5

    Panel rehearing is unwarranted........................................................ 5

        I.    The Court's judgment correctly reflects the disposition of the case. ................................... 6

        II.    Determining *Fischer*'s precedential effect is not a basis for panel rehearing. ........................................... 11

CONCLUSION .................................................................................. 15

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

## Cases

*Elliott By & Through Elliott v. United States*,
    37 F.3d 617 (11th Cir. 1994) (en banc) ............................................... 10

*Greenlaw v. United States*,
    554 U.S. 237 (2008) ............................................................................ 12

*Gregg v. Georgia*,
    428 U.S. 153 (1976) ............................................................................ 13

*In re Long-Distance Tel. Serv. Fed. Excise Tax Refund Litig.*,
    751 F.3d 629 (D.C. Cir. 2014) ............................................................. 5

*LeDure v. Union Pac. R.R. Co.*,
    142 S. Ct. 1582 (2022) ........................................................................ 10

*Major League Baseball Players Ass'n v. Garvey*,
    532 U.S. 504 (2001) ............................................................................ 14

*Marks v. United States*,
    430 U.S. 188 (1977) ........................................................................ 6, 13

*Missouri v. Jenkins*,
    495 U.S. 33 (1990) .............................................................................. 5

*United States v. Fischer*,
    64 F.4th 329 (D.C. Cir. 2023) ............................................... 1, 3-5, 7-14

*United States v. Montgomery*,
    578 F. Supp. 3d 54 (D.D.C. 2021) ...................................................... 12

*United States v. Poindexter*,
    951 F.2d 369 (D.C. Cir. 1991) ............................................................. 9

*United States v. Sineneng-Smith*,
    140 S. Ct. 1575 (2020) ........................................................................ 12

## Statutes and Rules

18 U.S.C. § 1505 ...................................................................... 9

18 U.S.C. § 1512 ................................................................... 1, 2

Fed. R. App. P. 35 .................................................................. 5

Fed. R. App. P. 40 .................................................................. 5

# GLOSSARY OF ABBREVIATIONS

App.        Appellant's Appendix

Pet.        Appellees' Petition for Panel Rehearing

## INTRODUCTION

For their participation in the attack on the United States Capitol on January 6, 2021, defendants Joseph Fischer, Edward Lang, and Garret Miller were separately indicted for violations of 18 U.S.C. § 1512(c)(2), which makes it unlawful to "corruptly . . . obstruct[], influence[], or impede[] any official proceeding."  The district court dismissed the Section 1512(c)(2) counts pretrial, concluding that the statute requires a defendant to "have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding," App.117, and that the defendants were not alleged to have taken any such action.  This Court reversed the district court's ruling that Section 1512(c)(2) "does not apply to assaultive conduct, committed in furtherance of an attempt to stop Congress from performing a constitutionally required duty."  *United States v. Fischer*, 64 F.4th 329, 332 (D.C. Cir. 2023).  That straightforward disposition represents the binding holding of the two judges in the panel majority.

In their petition for panel rehearing, the defendants do not request a single substantive change in the Court's analysis of Section 1512(c)(2).  Instead, they argue that the Court should recharacterize its binding

holding, rename the Court's opinions accordingly, and amend the judgment. The Court should deny the defendants' request. The defendants overlook the common ground shared by the lead and concurring opinions in reversing the district court's decision. And any uncertainty about the definition of "corruptly" in Section 1512(c)(2), which was neither squarely presented nor authoritatively resolved in this case, is properly addressed in other cases before this Court and on remand.

## BACKGROUND

The defendants were charged with several offenses in connection with the attack on the United States Capitol on January 6, 2021, including one count of obstructing a congressional proceeding, in violation of 18 U.S.C. § 1512(c)(2). They moved to dismiss the Section 1512(c)(2) count, contending that (1) Congress's counting of the electoral votes on January 6 was not an "official proceeding"; (2) Section 1512(c)(2) did not criminalize their alleged conduct; and (3) the statute's *mens rea* element, requiring that the defendant act "corruptly," is "unconstitutionally vague." *See* App.95-96. The district court rejected the first argument, *id.* at 98-99, but agreed that the defendants' alleged

conduct did not fit within the scope of Section 1512(c)(2) because the statute "requires that the defendant have taken some action with respect to a document, record, or other object," *id.* at 117, which these defendants were not alleged to have done, *id.* at 99-118. In light of that holding related to the offense's *actus reus*, the district court did not address the defendants' constitutional vagueness challenge to the *mens rea* of "corruptly." *See* App.405 n.3 (declining to interpret "corruptly" in order denying government's motion for reconsideration).

Following a government appeal, this Court reversed. *United States v. Fischer*, 64 F.4th 329, 332 (D.C. Cir. 2023). According to the *per curiam* judgment, the district court's orders are "reversed and the cases [are] remanded for further proceedings, in accordance with the *opinion of the court*[.]" Judgment (Apr. 7, 2023) (emphasis added). A notation at the bottom of the judgment further clarifies that Judge Pan filed the "[o]pinion for the court" and that Judge Walker joined that opinion "except as to Section I.C.1 and footnote 8." *Id.* In addition, Judge Walker filed a separate opinion "concurring in part and concurring in the judgment," and Judge Katsas filed a dissenting opinion. *Id.*

In the portions of the lead opinion[1] joined in full by the concurring judge, the Court relied on Section 1512(c)(2)'s text and structure, as well as case law interpreting the statute, *see Fischer*, 64 F.4th at 335-39, to conclude that Section 1512(c)(2)'s *actus reus* element "encompasses all forms of obstructive conduct, including . . . efforts to stop Congress from certifying the results of the 2020 presidential election." *Id.* at 335; *see id.* at 351 (Walker, J., concurring) (noting that he "concur[s] in the Court's judgment and join[s] the lead opinion's interpretation of [Section 1512](c)(2)'s act element"). In a section of the lead opinion that Judge Walker did not join, Judge Pan reasoned that "[t]he requirement of 'corrupt' intent prevents [Section 1512](c)(2) from sweeping up a great deal of conduct that has nothing to do with obstruction," but refrained from defining "the exact contours of 'corrupt' intent" because "the task of defining 'corruptly'" was not before the Court. *Id.* at 339-40 (opinion of Pan, J.). Judge Walker, believing that defining "corruptly" was necessary to "make sense" of "[Section 1512](c)(2)'s act element," wrote a concurring opinion in which he proposed defining the term to mean "act[ing] with an

---

[1] Following the convention used in the three opinions, this response refers to the opinion for the Court as the "lead opinion."

intent to procure an unlawful benefit either for himself or for some other person." *Id.* at 351-52 (Walker, J., concurring) (internal quotation marks omitted). The dissenting opinion (Katsas, J.) did not endorse any definition of the statute's *mens rea* element and instead would have interpreted Section 1512(c)(2)'s *actus reus* element to encompass only "acts that impair the integrity or availability of evidence." *Id.* at 370 (Katsas, J., dissenting).

## ARGUMENT

### Panel rehearing is unwarranted.

Panel rehearing is appropriate only to "bring to the panel's attention points of law or fact that it may have overlooked." *Missouri v. Jenkins*, 495 U.S. 33, 46 n.14 (1990) (citing Fed. R. App. P. 40(a)). The defendants' rehearing petition[2] identifies no legal principles or factual matters that the Court overlooked, and thus fails to meet that standard. Instead, the defendants principally argue (Pet. 10-15) that panel rehearing is warranted to amend the judgment, which they contend is

---

[2] The defendants do not request rehearing en banc, which is "reserved for 'question[s] of exceptional importance' or to preserve 'uniformity of the court's decisions.'" *In re Long-Distance Tel. Serv. Fed. Excise Tax Refund Litig.*, 751 F.3d 629, 636 (D.C. Cir. 2014) (quoting Fed. R. App. P. 35(a)).

inaccurate because *Fischer*'s three opinions read together should have resulted in affirmance of the district court's order dismissing the Section 1512(c)(2) counts for failure to state a claim. The Court's judgment, however, correctly reflects the panel majority's agreement that Section 1512(c)(2) encompasses the defendants' alleged conduct and that the district court erred in concluding otherwise. The Court should reject the defendants' suggestion that the panel members did not understand the ways in which they agreed and disagreed and that they mistakenly issued the judgment. Any additional question concerning Section 1512(c)(2)'s *mens rea* element or *Fischer*'s precedential effect on other cases is not a basis to grant rehearing in this case. The defendants' panel rehearing petition should be denied.

## I.    The Court's judgment correctly reflects the disposition of the case.

The *per curiam* judgment correctly identified the lead opinion as the "[o]pinion for the court." Unlike in cases decided by a "fragmented" court that fails to articulate a holding that finds majority support, here a "single rationale explain[s] the result." *Marks v. United States*, 430 U.S. 188, 193 (1977). Specifically, a two-judge majority agreed on the "interpretation of [Section 1512](c)(2)'s act element," *United States v.*

*Fischer*, 64 F.4th 329, 351 (D.C. Cir. 2023) (Walker, J., concurring), and adopted all but Section I.C.1 (declining to interpret "corruptly") and footnote 8 of the lead opinion.  Because the lead and concurring opinions agreed on the analysis in Section I.A, *i.e.*, that Section 1512(c)(2) was "unambiguous" in that it "applies to all forms of corrupt obstruction of an official proceeding" other than the document destruction and evidence tampering covered in Section 1512(c)(1), *id.* at 336 (lead opinion), the Court reversed the district court's contrary ruling.  The judgment appropriately reflects that disposition.

The defendants' rehearing petition mischaracterizes the interrelationship of the three opinions.  For example, the defendants inaccurately claim (Pet. 10-11) that Judge Walker's concurrence was conditioned upon the lead opinion's "acceptance" of his "corruptly" interpretation and that the lead opinion "refused to accept" that interpretation.  To be sure, the concurrence would have determined that "corruptly" means "a criminal intent to procure an unlawful benefit," *Fischer*, 64 F.4th at 357 (Walker, J., concurring).  But the resolution of that *mens rea* issue was not necessary to the Court's holding concerning the offense's *actus reus*—which Judge Walker joined by concurring in all

but a section and a footnote in the lead opinion and concurring in the judgment reversing the district court's dismissals of the Section 1512(c)(2) count.  Even if Judge Walker's concurrence were conditioned on his interpretation of "corruptly," the defendants wrongly assert that the lead opinion rejected that interpretation.  Rather, the lead opinion recognized the concurrence's "corruptly" interpretation as one potential "candidate[]," *id.* at 339-40 (opinion of Pan, J.), but adopted no definitive interpretation because "the task of defining 'corruptly'" was not before the Court, *id.* at 340.

The defendants further misstate (Pet. 12-13) the common ground between the concurring and dissenting opinions.  The two opinions did not "agree[]" that the lead opinion's construction of Section 1512(c)(2)'s *actus reus* requirement was "breathtakingly broad, vague, and unconstitutional."  Pet. 12.  On the contrary, the concurrence's author joined the lead opinion's *actus reus* analysis and separately confirmed that the defendants' "'efforts to stop Congress from certifying the results of the 2020 presidential election' are the kind of 'obstructive conduct' proscribed by [Section 1512](c)(2)."  *Fischer*, 64 F.4th at 351 (Walker, J.,

concurring) (quoting the lead opinion).[3]   Nor did the concurrence and dissent agree that the interpretation of "corruptly" was before the Court. By contrast, as both the lead and dissenting opinions recognized, the definition of "corruptly" in Section 1512(c)(2) was not squarely presented and therefore not resolved.  *See id.* at 339 (opinion of Pan, J.) ("expressing [no] preference for any particular definition of 'corruptly'" because "the allegations against appellees appear to be sufficient to meet any proposed definition of 'corrupt' intent"); *id.* at 341 (noting that the dissent also "declines to settle on a precise meaning of 'corruptly' at this time" and thus "share[s] much common ground" with the lead opinion "on the issue of *mens rea*"); *id.* at 379-81 (Katsas, J., dissenting) (surveying possible definitions of "corruptly" but declining to adopt one).  The defendants

---

[3] The defendants' related contention (Pet. 14) that the concurring and dissenting opinions "view Section 1512(c) as unconstitutionally vague and overbroad" is incorrect.  Neither opinion addressed a vagueness or overbreadth challenge.  The defendants raised a vagueness challenge below, but the district court did not reach it.  *See* App.95-96, 405 n.3. Moreover, a vagueness challenge targeting "corruptly" would require analysis of Section 1512(c)(2)'s application to the defendants' conduct, *see United States v. Poindexter*, 951 F.2d 369, 385-86 (D.C. Cir. 1991) (concluding, following a conviction at trial, that the congressional obstruction provision in 18 U.S.C. § 1505 was "unconstitutionally vague as applied to [the defendant's] conduct"), not of the sufficiency of the indictment's allegations.

likewise err when they suggest (Pet. 13) that the dissenting opinion agreed with the concurrence's "unlawful benefit" interpretation of "corruptly."   To the contrary, the dissenting opinion criticized the concurrence's definition of "corruptly" because it "require[d] transplanting" into Section 1512(c)(2) a "corruptly" interpretation "that appears to have been used so far only in tax law." *Fischer*, 64 F.4th at 381 (Katsas, J. dissenting).

The defendants' proposed "[a]lternative[]" (Pet. 14-15) to recast the Court's judgment as an affirmance by an "equally divided panel" also lacks merit.   Although such a result is appropriate when judges "are equally divided on the proper disposition of [a] case," *Elliott By & Through Elliott v. United States*, 37 F.3d 617, 618 (11th Cir. 1994) (en banc) (*per curiam*); *see LeDure v. Union Pac. R.R. Co.*, 142 S. Ct. 1582 (2022) (*per curiam*) (affirming by an equally divided Court where one Justice did not participate), the defendants provide no authority supporting their claim that such a disposition "can occur" (Pet. 15 n.8) in a three-judge panel.   Indeed, the district court's dismissal of the Section 1512(c)(2) counts was either correct, and should be affirmed, or incorrect, and should be reversed; two judges must necessarily agree on one of those

binary choices. But even if an equally divided three-way split were possible, it would not be present where, as here, two members of a three-judge panel agree on the case's disposition.

## II. Determining *Fischer*'s precedential effect is not a basis for panel rehearing.

The defendants suggest (Pet. 2, 14 n.7) that panel rehearing is warranted to determine whether the concurrence represents the Court's holding. They likewise suggest (Pet. 2 n.2) that the concurrence's "corruptly" interpretation will effectively be subject to a "collateral challenge" in another case before this Court with the result that they might not be able to "benefit" from the concurrence's "mens rea definition." Neither concern supplies a basis for panel rehearing.

First, the controlling effect, if any, of the concurrence's interpretation of "corruptly" is a question to be resolved by a "future panel," as the concurrence itself recognized. *Fischer*, 64 F.4th at 362 n.10 (Walker, J., concurring). There are good reasons for the panel in *Fischer* to have left unresolved the definition of "corruptly" in Section 1512(c)(2): the district court declined to interpret the term, *see* App.405 n.3; the question on appeal concerned Section 1512(c)(2)'s *actus reus* requirement; and the parties addressed "corruptly" "only peripherally" in

their briefs, *see Fischer*, 64 F.4th at 340 (opinion of Pan, J.).

Furthermore, treating the concurrence's "corruptly" definition as a

binding holding is in tension with the party-presentation principle, under

which courts "rely on the parties to frame issues for decision and assign

to courts the role of neutral arbiter of matters the parties present."

*United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (quoting

*Greenlaw v. United States*, 554 U.S. 237, 243 (2008)).[4]  Whatever the

merits of those arguments, however, they are properly considered and

resolved not through panel rehearing but by the Court in a future case.

---

[4] The concurrence correctly observed that the defendants challenged the "corruptly" *mens rea* element below.  *Fischer*, 64 F.4th at 352 n.1 (Walker, J. concurring).  As explained, however, they raised only a constitutional vagueness challenge—not a statutory construction claim— and the district court never addressed that issue.  And although the concurrence noted "lengthy discussion[s of the meaning of 'corruptly'] by several district judges in similar cases," *id.*, those judges also declined to definitively interpret the term. *See, e.g.*, *United States v. Montgomery*, 578 F. Supp. 3d 54, 84 n.5 (D.D.C. 2021) ("[B]ecause the Court has yet to hear from the parties on the proper jury instructions, the Court will leave for another day the question whether this formulation [of corruptly]—or a slightly different formulation—will best guide the jury.").  Indeed, no district court judge appears to have instructed a jury using the concurrence's "corruptly" interpretation.  *See, e.g.*, *United States v. Reffitt*, No. 21-cr-32, ECF No. 119 at 25-26 (D.D.C. Mar. 7, 2022); *United States v. Hale-Cusanelli*, No. 21-cr-37, ECF No. 84 at 24, 27 (D.D.C. May 27, 2022).

That is particularly true where, as here, another case squarely presenting the question of how "corruptly" in Section 1512(c)(2) should be understood has been briefed and is pending before this Court. *See United States v. Robertson*, No. 22-3062 (oral argument scheduled for May 11, 2023).

The same is true for any determination of the potential applicability of *Marks v. United States, supra*, to the separate opinions in this case. As noted above, the Supreme Court in *Marks* held that, "[w]hen a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds[.]'" 430 U.S. at 193 (quoting *Gregg v. Georgia*, 428 U.S. 153, 169 n.15 (1976) (plurality op.)). There are good reasons, as the lead opinion noted, *see Fischer*, 64 F.4th at 341 n.5 (opinion of Pan, J.), not to apply *Marks* to this case. In any event, the defendants are mistaken when they posit (Pet. 11) that the lead opinion "rejected" application of the *Marks* rule; rather, both the lead opinion and the concurrence recognized that the question of *Marks*'s applicability is for "future panels" to resolve. *Fischer*, 64 F.4th at 341 n.5 (opinion of

13

Pan, J.); *id.* at 362 n.10 (Walker, J., concurring).    Determining the precedential effect, if any, of the concurrence's "corruptly" definition is thus not a ground for panel rehearing.

Second, the defendants' related argument (Pet. 2 n.2) that they may not avail themselves of the benefit of the concurrence's "corruptly" definition because of a so-called "collateral challenge" in *United States v. Robertson, supra*, is incorrect.    If the *Robertson* panel construes "corruptly" to have the narrower definition suggested in Judge Walker's concurrence, that holding will bind the district court in this case.    If *Robertson* defines "corruptly" more broadly, the defendants may re-raise their challenge to the *actus reus* element of their offense on appeal from a final judgment in this case.    *See, e.g., Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 508 n.1 (2001) (*per curiam*) (noting court's "authority to consider questions determined in earlier stages of the litigation" on review of final judgment).    Such a claim would be informed not only by the forthcoming decision in *Robertson* but also by the evidence and jury instructions at trial—which the defendants are free to argue should track Judge Walker's opinion.    The defendants will therefore have

ample opportunities to continue to press their claims if panel rehearing

is denied.

## CONCLUSION

The Court should deny the defendants' petition for panel rehearing.

Respectfully submitted,

MATTHEW M. GRAVES
   United States Attorney
   District of Columbia

KENNETH A. POLITE
   Assistant Attorney General

DENISE CHEUNG
CHRISELLEN R. KOLB
   Assistant U.S. Attorneys

LISA H. MILLER
   Deputy Assistant Attorney
   General

/S/ JAMES I. PEARCE
   Special Assistant U.S. Attorney
   601 D Street, NW
   Washington, DC 20530
   (202) 532-4991
   James.Pearce@usdoj.gov

May 9, 2023

15

# CERTIFICATE OF SERVICE

In accordance with Fed. R. App. P. 25(d), the undersigned counsel of record certifies that the foregoing Brief for the United States was this day served upon counsel for appellees, by notice of electronic filing with the District of Columbia Circuit CM/ECF system.

DATED: MAY 9, 2023

/s/ James I. Pearce
JAMES I. PEARCE
Special Assistant U.S. Attorney,
601 D Street, NW
Washington, DC 20530
(202) 532-4991
James.Pearce@usdoj.gov

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitations in this Court's order issued on April 26, 2023, because it contains 2,902 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in Century 14-point font in text and Century 14-point font in footnotes.

3. This brief complies with the privacy redaction requirement of Fed R. App. 25(a)(5) because it contains no personal data identifiers.

4. The digital version electronically filed with the Court on this day is an exact copy of the written document to be sent to the Clerk; and

5. This brief has been scanned for viruses with the most recent version of McAfee Endpoint Security, version 10.7, which is continuously updated, and according to that program is free of viruses.

DATED: MAY 9, 2023

/s/ James I. Pearce
JAMES I. PEARCE