Nos. 22-3038 & 22-3041

# In the United States Court of Appeals for the District of Columbia Circuit

───────────

UNITED STATES OF AMERICA,
*Plaintiff-Appellant*

v.

JOSEPH FISCHER AND GARRET MILLER,
*Defendants-Appellees*

───────────

OMNIBUS OPPOSITION TO APPELLEES' MOTION TO STAY THE MANDATE

\*\*\*\*

Defendant-appellees Joseph Fischer and Garrett Miller (defendants) move to stay the mandate pending a disposition by the Supreme Court of the United States of their petition for a writ of certiorari. This Court should deny that motion because the defendants fail to establish that any certiorari petition "would present a substantial question and that there is good cause for a stay." Fed. R. App. P. 41(d)(1); Cir. R. 41(a)(2).

## BACKGROUND

The defendants were charged with several offenses in connection with the attack on the United States Capitol on January 6, 2021,

including one count of obstructing a congressional proceeding, in violation of 18 U.S.C. § 1512(c)(2). They moved to dismiss the Section 1512(c)(2) count, contending that (1) Congress's counting of the electoral votes on January 6 was not an "official proceeding"; (2) Section 1512(c)(2) did not criminalize their alleged conduct; and (3) the statute's *mens rea* element, requiring that the defendant act "corruptly," is "unconstitutionally vague." *See* App.95-96. The district court rejected the first argument, *id.* at 98-99, but agreed that the defendants' alleged conduct did not fit within the scope of Section 1512(c)(2) because the statute "requires that the defendant have taken some action with respect to a document, record, or other object," *id.* at 117, which these defendants were not alleged to have done, *id.* at 99-118. In light of that holding related to the offense's *actus reus*, the district court did not address the defendants' constitutional vagueness challenge to the *mens rea* of "corruptly." *See* App.405 n.3 (declining to interpret "corruptly" in order denying government's motion for reconsideration).

Following a government appeal, this Court reversed. *United States v. Fischer*, 64 F.4th 329, 332 (D.C. Cir. 2023). According to the *per curiam* judgment, the district court's orders are "reversed and the cases [are]

2

remanded for further proceedings, in accordance with the *opinion of the court*[.]" Judgment (Apr. 7, 2023) (emphasis added). A notation at the bottom of the judgment further clarifies that Judge Pan filed the "[o]pinion for the court" and that Judge Walker joined that opinion "except as to Section I.C.1 and footnote 8." *Id.* In addition, Judge Walker filed a separate opinion "concurring in part and concurring in the judgment," and Judge Katsas filed a dissenting opinion. *Id.*

In the portions of the lead opinion[*] joined in full by the concurring judge, the Court relied on Section 1512(c)(2)'s text and structure, as well as case law interpreting the statute, *see Fischer*, 64 F.4th at 335-39, to conclude that Section 1512(c)(2)'s *actus reus* element "encompasses all forms of obstructive conduct, including . . . efforts to stop Congress from certifying the results of the 2020 presidential election." *Id.* at 335; *see id.* at 351 (Walker, J., concurring) (noting that he "concur[s] in the Court's judgment and join[s] the lead opinion's interpretation of [Section 1512](c)(2)'s act element"). In a section of the lead opinion that Judge Walker did not join, Judge Pan reasoned that "[t]he requirement of

---

[*] Following the convention used in the three opinions, this response refers to the opinion for the Court as the "lead opinion."

3

'corrupt' intent prevents [Section 1512](c)(2) from sweeping up a great deal of conduct that has nothing to do with obstruction," but refrained from defining "the exact contours of 'corrupt' intent" because "the task of defining 'corruptly'" was not before the Court. *Id.* at 339-40 (opinion of Pan, J.). Judge Walker, believing that defining "corruptly" was necessary to "make sense" of "[Section 1512](c)(2)'s act element," wrote a concurring opinion in which he proposed defining the term to mean "act[ing] with an intent to procure an unlawful benefit either for himself or for some other person." *Id.* at 351-52 (Walker, J., concurring) (internal quotation marks omitted). The dissenting opinion (Katsas, J.) did not endorse any definition of the statute's *mens rea* element and instead would have interpreted Section 1512(c)(2)'s *actus reus* element to encompass only "acts that impair the integrity or availability of evidence." *Id.* at 370 (Katsas, J., dissenting).

## ARGUMENT

### Stay of the mandate is unwarranted.

A stay of the mandate is appropriate only where the movant demonstrates that a petition for a writ of certiorari "would present a substantial question and there is good cause for a stay." Fed. R. App. P.

4

41(d)(1); Cir. R. 41(a)(2); *United States v. Microsoft Corp.*, No. 00-5212, 2001 WL 931170, at *1 (D.C. Cir. Aug. 17, 2001). The defendants' motions fail on both counts.

I. **Any certiorari petition would not present a substantial question of federal law.**

The defendants contend (Fischer Mot. 7-10; Miller Mot. 6-10) that a stay is appropriate here because their appeals present an important question of federal law and conflict with circuit and Supreme Court precedent. Those contentions are incorrect.

First, while the defendants' prosecution ensures that those charged with assaulting law enforcement officers in connection with the attack on the United States Capitol on January 6, 2021, may be brought to trial for a violation of 18 U.S.C. § 1512(c)(2), it does not follow that their case presents an "substantial question of federal law." Fed. R. App. App. 41(d)(1). For one, and as described in more detail below, the defendants cannot identify "'an important question of federal law that has divided the state or federal courts," for which "certiorari review is usually reserved." *Upper Skagit Indian Tribe v. Lundgren*, 138 S. Ct. 1649, 1657 (2018) (Thomas, J., dissenting) (citation omitted). Additionally, none of other metrics on which the defendants rely—that other individuals who

participated in the attack on the United States Capitol have been charged under Section 1512(c)(2); that the application of Section 1512(c)(2) to congressional obstruction is novel; that panel members disagreed in this case; and that federal legislators have discussed Section 1512(c)(2)'s scope—transform the *actus reus* issue in this case into a "substantial," Fed. R. App. P. 41(d)(1), or "important," S. Ct. R. 10(c), question of federal law.

Second, and relatedly, the defendants' claim (Fischer Mot. 9-10; Miller Mot. 9-10) that the decision in this case conflicts with decisions from this Court and the Supreme Court is inaccurate. As the lead opinion noted, courts have applied Section 1512(c)(2) to a "wide range of obstructive acts," *Fischer*, 64 F.4th at 337, whereas no court of appeals has adopted the district court's limitation that Section 1512(c)(2) applies only where the defendant "takes some action with respect to a document," App.117, or the dissent's proposed interpretation that Section 1512(c)(2) be construed to reach only "acts that impair the integrity or availability of evidence," 64 F.4th at 370 (Katsas, J., dissenting). This Court does not appear to have considered Section 1512(c)(2)'s *actus reus* requirement previously, and the sole case to which the defendants point (Fischer Mot.

6

9; Miller Mot. 9), *United States v. Poindexter*, 951 F.2d 369 (D.C. Cir. 1991), involved a constitutional vagueness challenge to the *mens rea* component of a different obstruction statute, 18 U.S.C. § 1505. Equally flawed is the defendants' argument (Fischer Mot. 9; Miller Mot. 9) that the Court's decision conflicts with the Supreme Court's interpretation of the residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), in *Begay v. United States*, 553 U.S. 137 (2008). *Begay* is "inapposite because it interpret[ed] a statute with a very different structure" and "did not ultimately rely on the more obscure reading of 'otherwise' embraced by the district court and the appellees." *Fischer*, 64 F.4th at 345.

Finally, this case would be a poor vehicle for Supreme Court consideration of Section 1512(c)(2)'s *actus reus* element. As the defendants note, the three different opinions here present some uncertainty concerning the interplay of the *actus reus* and "corruptly" *mens rea* components in Section 1512(c)(2) in this case. If this Court in a subsequent case, such as *United States v. Robertson*, No. 22-3062 (D.C. Cir.) (argued May 11, 2023), defines "corruptly" more broadly than the concurring opinion here, the defendants may re-raise their challenge to

7

the *actus reus* element of their offense on appeal from a final judgment in this case. *See, e.g.*, *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 508 n.1 (2001) (*per curiam*) (noting court's "authority to consider questions determined in earlier stages of the litigation" on review of final judgment). Such a claim would be informed not only by the forthcoming decision in *Robertson* but also by the evidence and jury instructions at trial—which the defendants are free to argue should track the concurring opinion in this case. Given the potential for further litigation in the defendants' case, the Supreme Court would have no reason to consider the *actus reus* question in this pretrial posture, if ever.

## II.   Good cause does not support a stay of the mandate.

A stay is also unwarranted because the defendants fail to establish good cause. A movant must "demonstrate a[] substantial harm that would result from the reactivation of proceedings in the district court during the limited pendency of the certiorari petition." *Microsoft Corp.*, 2001 WL 931170, at *1. Neither defendant can make this showing.

Fischer argues (Fischer Mot. 10) that a stay is appropriate because absent a stay, he will "face trial" on a count charging a violation of Section 1512(c)(2), a felony carrying a 20-year maximum penalty, which would

8

have a "significant effect on the calculation of his sentencing guideline range." Fischer's argument is flawed in several respects. First, issuing the mandate will not require that he stand trial before his certiorari petition is resolved; it simply returns the case to the district court, which may end up setting trial sufficiently in the future that the certiorari petition would be resolved before any trial. Relatedly (and as noted below), an order by this Court issuing the mandate does not prevent Fischer from seeking, and the district court from imposing, a stay of the proceedings while the certiorari petition is pending. Second, even putting aside the count charging a violation of Section 1512(c)(2), Fischer has been charged with two other felony offenses, *see* App. 445 (charging violations of 18 U.S.C. § 111(a) (eight-year statutory maximum sentence) and 18 U.S.C. § 231(a)(3) (five-year statutory maximum sentence)), and four misdemeanor offenses, *id.* He can identify no additional harm, let alone a substantial harm, in proceeding to trial on a Section 1512(c)(2) count in addition to those other charges. And if he is convicted, he will almost certainly not be sentenced before the Supreme Court decides whether to grant his certiorari petition.

Miller contends (Miller Mot. 10-11) that good cause for a stay exists because he pleaded guilty to eleven counts for his conduct on January 6 and was sentenced to 38 months in prison in February 2023, and thus should not have to proceed to trial under Section 1512(c)(2). In particular, Miller observes that a conviction under Section 1512(c)(2) could subject him to a higher sentencing guideline. But the speculative possibility of a higher potential sentence upon conviction, particularly where the defendant is already serving a lengthy prison sentence, does not constitute a substantial harm that counsels in favor of a stay. Moreover, should the Supreme Court grant either defendant's certiorari petition, nothing precludes that defendant from seeking a stay of any further proceedings in the district court at that point.

## CONCLUSION

The Court should deny the defendants' motion for a stay of the mandate.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
District of Columbia

                                                    DENISE CHEUNG
                                                    CHRISELLEN R. KOLB
                                                        Assistant U.S. Attorneys

                                                  /S/ JAMES I. PEARCE
                                                        Special Assistant U.S. Attorney
                                                        601 D Street, NW
                                                        Washington, DC 20530
                                                        (202) 532-4991
                                                         James.Pearce@usdoj.gov

June 6, 2023

## CERTIFICATE OF SERVICE AND COMPLIANCE

In accordance with Fed. R. App. P. 25(d), the undersigned counsel of record certifies that the foregoing Opposition for the United States, which contains 1,871 words, was this day served upon counsel for appellees, by notice of electronic filing with the District of Columbia Circuit CM/ECF system.

DATED: JUNE 6, 2023

/s/ James I. Pearce
JAMES I. PEARCE
Special Assistant U.S. Attorney,
601 D Street, NW
Washington, DC 20530
(202) 532-4991
James.Pearce@usdoj.gov